IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**GENEVA ANN WALKER-SCURRY,**

    **Plaintiff,**

vs.                                         Case No. 4:06cv309-RH/WCS

**JOHN E. POTTER,
POSTMASTER GENERAL
UNITED STATES POSTAL SERVICE,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

    The Defendant Postmaster General of the United States filed a "motion to dismiss, or in the alternative, motion for summary judgment, and motion to strike." Doc. 30. Supporting the motion was a statement of undisputed material facts, a memorandum of law, and numerous exhibits. Doc. 31. The motion was construed as one seeking summary judgment and the *pro se* Plaintiff advised to file a response in accordance with Rule 56. Doc. 32. Plaintiff filed a document entitled, "motion to seeks [sic] a trial," doc. 33, a supporting memorandum of law, doc. 34, and numerous exhibits which were not organized or labeled in any meaningful way. A subsequent order was

entered, doc. 35, directing Plaintiff to submit an amended response, properly titled as her opposition to summary judgment, and which references her exhibits, explains their relevance, and provides a statement of material facts.

I.  **Basis of this action**

Plaintiff initiated this case on July 5, 2006, and later filed an amended complaint on August 30, 2006. Doc. 12. Though filed on an employment discrimination complaint form as required by *pro se* litigants, Plaintiff alleged that from 1994 through October, 1997, the Defendant hired other persons prior to hiring her, even though Plaintiff should have been given a 10-point Veteran's preference and should have been hired prior to hiring non-veterans. Doc. 12, p. 4. Plaintiff learned of this in May of 2002. *Id.*, at 4-6. Plaintiff was hired by Defendant on or about October 11, 1997. *Id.*, at 3. As relief, Plaintiff seeks lost wages, benefits, seniority, and other employee benefits. *Id.*, at 8.

II.  **Legal standards governing a motion for summary judgment**

On a motion for summary judgment Defendant initially has the burden to demonstrate an absence of evidence to support the nonmoving party's case. Celotex Corporation v. Catrett, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2553-54, 91 L. Ed. 2d 265 (1986). The burden then shifts to Plaintiff to come forward with evidentiary material demonstrating a genuine issue of material fact for trial. *Id.* An issue of fact is "material" if it could affect the outcome of the case. Hickson Corp. v. Northern Crossarm Co., Inc., 357 F.3d 1256, 1259 (11th Cir. 2004) (citations omitted). Plaintiff must show more than the existence of a "metaphysical doubt" regarding the material facts, Matsushita Electric Industrial Co., LTD. v. Zenith Radio Corporation, 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986), and a "scintilla" of evidence is insufficient. The court

must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Hickson Corp., 357 F.3d at 1260, *quoting* Anderson v. Liberty Lobby, 477 U.S. 242, 252, 106 S. Ct. 2505, 2505, 91 L. Ed. 2d 202 (1986). All reasonable inferences must be resolved in the light most favorable to the nonmoving party. Watkins v. Ford Motor Co., 190 F.3d 1213, 1216 (11th Cir. 1999).

"Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Owen v. Wille, 117 F.3d 1235, 1236 (11th Cir. 1997), *cert. denied* 522 U.S. 1126 (1998), *quoting* Celotex, 477 U.S. at 324, 106 S. Ct. at 2553 (quoting Fed. R. Civ. P. 56(c), (e)). The nonmoving party need not produce evidence in a form that would be admissible as Rule 56(e) permits opposition to a summary judgment motion by any of the kinds of evidentiary materials listed in Rule 56(c). Owen v. Wille, 117 F.3d at 1236; Celotex, 477 U.S. at 324, 106 S. Ct. at 2553.

### III.     Rule 56 Evidence

Plaintiff was hired by the United States Postal Service on October 11, 1997, to work part-time as a flexible mailhandler at the Tallahassee Processing and Distribution Center. Doc. 31, p. 2; Defendant's exhibits 1, 2. Plaintiff is a 10-point preference eligible veteran. *Id.*

Plaintiff filed a formal administrative discrimination complaint on August 22, 2002, alleging disability discrimination and because non-veteran employees "were called in to take the physical" and were hired between 1994 and 1996 before Plaintiff. Doc. 31, p. 2;

Defendant's ex. 2 (doc. 31-3, pp. 1-2).[1]  On January 28, 2004, the EEOC Administrative Judge entered a decision against Plaintiff, finding no discrimination "on the basis of her alleged physical disability (post-concussion cephalgia) . . . ."  *Id*.; *see also* Defendant's ex. 3 (doc. 31-4, p. 8).  A Notice of Final Action was issued on February 6, 2004, implementing the Administrative Judge's decision.  Doc. 31, p. 2; Defendant's ex. 4 (doc. 31-5).  That notice advised Plaintiff of her rights to appeal within 30 calendar days or initiate a civil action within 90 days.  *Id.*

On March 5, 2004, rather than appeal to the EEOC or file a lawsuit, Plaintiff filed a Merit Systems Protection Board (hereinafter MSPB) appeal claiming that Defendant violated the Veterans Employment Opportunities Act (VEOA) and her veterans' preference rights when she was not hired from the register between March, 1994, and October, 1997.  Doc. 31, p. 3; Defendant's ex. 5 (doc. 31-6).  On April 7, 2004, after the administrative judge issued an order[2] to Plaintiff requiring additional information from her so the Board could determine whether it had jurisdiction, Plaintiff withdrew her appeal.  Doc. 31, p. 3; Defendant's exhibits 6, 7 (doc. 31-7, doc. 31-8).  On April 19th,

---

[1] Hereafter, all references to exhibits are to those attached to document 31, unless otherwise noted.  References are to the paper copy and page number, followed by a reference (in parenthesis) to the corresponding document and page in the electronic docket.  Both citations are referenced as a pro se litigant will not have access to the court's electronic docket.

[2] The order advised that the Board had "appellate jurisdiction over the appeal of a preference-eligible veteran alleging a violation of any statute or regulation relating to veterans' preference."  Ex. 6 (doc. 31-7, p. 2).  The order further advised that the "matter complained of must have occurred on or after October 31, 1998," and the complainant must have first filed a complaint "with the Secretary of Labor within 60 days after the date of the agency's violation."  *Id.*

Administrative Judge Cummings with the MSPB dismissed Plaintiff's appeal based on her request to withdraw. Doc. 31, p. 3; Defendant's ex. 8 (doc. 31-9).

Plaintiff then filed a VEOA complaint against the United States Postal Service with the Department of Labor. Doc. 31, p. 3. On April 27, 2004, the Department of Labor notified Plaintiff that it had closed its investigation in that it lacked authority to investigate her claims because her allegations occurred prior to the effective date of the VEOC and because it was not timely filed within 60 days of the alleged violation. Doc. 31, p. 4; Defendant's ex. 9 (doc. 31-10, p. 1). The Department's notification advised Plaintiff that 5 U.S.C. § 3330a(d) permits an appeal to the MSPB within 15 days. Ex. 9 (doc. 31-10, p. 1). Two days later, April 29, 2004, Plaintiff sought to re-file her appeal with the Board, advising that she had previously withdrawn it to file a claim with the Department of Labor. Doc. 31, p. 4; Defendant's ex. 10 (doc. 31-11); *see also* (doc. 31-12, p. 1). The Administrative Judge accepted Plaintiff's re-filed appeal by issuing an erratum to the April 19, 2004, decision which changed the dismissal of her prior appeal to be "without prejudice." Doc. 31, p. 4; Defendant's ex. 11 (doc. 31-12). On August 6, 2004, the Administrative Judge issued an order to show cause directing Plaintiff to file a statement demonstrating why the appeal should not be dismissed. Doc. 31, p. 4; ex. 12 (doc. 31-13). Plaintiff responded on or about August 11th, and acknowledged that her complaint concerned events prior to October 31, 1998, the effective date of the VEOA. Ex. 13 (doc. 31-14, p. 2). On August 23, 2004, Administrative Judge Cummings of the MSPB dismissed Plaintiff's appeal for lack of jurisdiction, finding it was not timely filed within 60 days of the alleged violations as required by the VEOA, 5 U.S.C. § 3330a(a)(1). Doc. 31, p. 4; Defendant's ex. 14 (doc. 31-15). Plaintiff filed a petition for

review to the full Board, the MSPB (Merit Systems Protection Board), on or about August 27, 2004. Ex. 15, p. 1 (doc. 31-16). The Board denied Plaintiff's petition for review by issuance of a final order on April 25, 2005, finding no error by the administrative judge. Doc. 31, p. 4; Ex. 16 (doc. 31-17). The order advised Plaintiff she had the right to request review by the United States Court of Appeals. Ex. 16 (doc. 31-17, p. 2), which Plaintiff did. Doc. 31, p. 5. The United States Court of Appeals for the Federal Circuit affirmed the MSPB's dismissal for lack of jurisdiction on December 6, 2005. *Id.*; *see also* ex. 17 (doc. 31-18).

Plaintiff also petitioned the EEOC Office to review the MSPB's final order entered on April 25, 2005. Doc. 31, p. 5. That petition was denied on June 9, 2006, advising the EEOC did not have jurisdiction to review her case. *Id.*; Defendant's ex. 18 (doc. 31-19; *see also* attachment to amended complaint, doc. 12, p. 9. The decision notified Plaintiff that she had the right to file a civil action "in an appropriate United States District Court, based on the decision of the Merit Systems Protection Board, within thirty (30) calendar days of the date [Plaintiff received the] decision." Doc. 31, p. 5; Defendant's ex. 18; Plaintiff's amended complaint, doc. 12, p. 10. Following that advice, Plaintiff filed her initial complaint in this case on July 5, 2006. Doc. 1; doc. 31, p. 5.

Plaintiff has submitted evidence concerning the hiring process Plaintiff pursued in 1994 through 1997. Doc. 36, Plaintiff's exhibits 1-9, 20. Plaintiff has also submitted an affidavit (apparently derived from the EEOC investigation) which she contends is false (Plaintiff's ex. 10) that states Plaintiff did not show proof of veteran's preference until March 2, 1995. Doc. 36, p. 3. Plaintiff states that she presented such proof at the time of her examination on November 2, 1994. Doc. 36, p. 3; Plaintiff's ex. 11.

Plaintiff also presented documents concerning her medical condition and fitness for employment. Doc. 36, Plaintiff's exhibits 12-18. Those documents, however, are not relevant to the controlling issues in this case.

## IV.     Analysis

### a.     Timeliness

Defendant contends that this Court lacks jurisdiction to consider the merits of this action. Doc. 31, p. 8. Defendant asserts that under 5 U.S.C. § 3330a(d), a preference eligible veteran may terminate administrative proceedings and file an action in a federal district court "not later than 60 days after the date of the election." *Id.*, *citing* 5 U.S.C. § 3330b(a). However, such an election may not be made after the MSPB has made a judicially reviewable decision on the merits of the appeal. *Id.*, *citing* 5 U.S.C. § 3330b(b)(2). Defendant argues that after the full Board denied Plaintiff's petition on April 25, 2005, and Plaintiff was advised of her right to file a petition in the Court of Appeals for the Federal Circuit, Plaintiff lost her option to file her veteran's preference claim in this Court when she filed her petition with the appellate court. Doc. 31, p. 8.

Since Plaintiff already received judicial review of the MSPB decision, she cannot seek review again in this Court of her claim that she was not given veterans preference between 1994 and 1997. Section 3330a sets forth the administrative process for one who is "preference eligible [and] alleges that an agency has violated such individual's rights under and statute or regulation relating to veterans' preference . . . ." 5 U.S.C. § 3330a(a)(1)(A). The first step is to file a complaint with the Secretary of Labor "within 60 days after the date of the alleged violation." 5 U.S.C. § 3330a(a)(2)(A). Plaintiff's complaint was, instead, filed nearly six years later. As applicable here, if the Secretary

of Labor is "unable to resolve a complaint," the complainant is notified and "may elect to appeal the alleged violation to the Merit Systems Protection Board . . . ." 5 U.S.C. § 3330a(d)(1). Such an election must be made within 15 days from the complainant's receipt of notification from the Secretary. 5 U.S.C. § 3330a(d)(1)(B). Preference eligibles may also appeal "directly to the Merit Systems Protection Board from any action which is appealable to the Board . . . . in lieu of administrative redress under this section." 5 U.S.C. § 3330a(e)(1).

     Title 5, section 3330b(a) permits veterans or preference eligibles to terminate administrative proceedings in "lieu of continuing the administrative redress procedure" and initiate a lawsuit in "the appropriate United States district court not later than 60 days after the date of the election." 5 U.S.C. § 3330b(a). That statute expressly provides for termination of administrative proceedings to come to a district court, not for continuing those proceedings until their conclusion and then coming to a district court. The statute also clearly provides that an election to proceed to a district court must "not be made . . . after the Merit Systems Protection Board has issued a judicial reviewable decision on the merits of the appeal." 5 U.S.C. § 3330b(B)(2).

     Here, Plaintiff exhausted administrative remedies and proceeded through the process, including judicial review. Her review was sought in the Court of Appeals. She may not now come back to the District Court. Having already obtained judicial review, her case is over and Plaintiff is barred from receiving judicial review a second time. Defendant's summary judgment motion should be granted.

Another reason to dismiss the VEOA[3] claims is because the Act is not retroactive. Doc. 31, p. 9. As cited by Defendant, in Lapuh v. Merit Systems Protection Bd., 284 F.3d 1277 (Fed. Cir. 2002), the plaintiff appealed a final decision of the Merit Systems Protection Board which dismissed her appeal complaining that she was not hired for a position in the United Postal Service. 284 F.3d at 1277. Like Plaintiff, Ms. Lapuh learned in 2001, after being hired by the Postal Service, that she should have been given veterans' preference points when she first took the entrance examination[4] in 1994. *Id.*, at 1278-79. When Plaintiff sought to vindicate the denial of her rights in 1994, the issue to be resolved by the appellate court was a pure question of law, whether the Board has "jurisdictional powers under 5 U.S.C. § 3330a(d)(1) apply retroactively to violations of veterans' preferences that occurred before the effective date of the Act." *Id.*, at 1281. The court concluded that "Congress did not intend the Act to have retroactive effect for redress of grievances through the Board." Lapuh, 284 F.3d at 1282; *see also* McGrady v. U.S. Postal Service, 2007 WL 1299234, *1 (N.D. Ohio, 2007) (holding the statute was not retroactive, relying on Lapuh). This case is squarely on point. Plaintiff may not press a claim under the VEOA because she did not have those rights in 1994. Summary judgment should be granted in favor of Defendant on all Plaintiff's VEOA claims.

In response to Defendant's arguments, Plaintiff asserts that she ought to be able to proceed, even though her claim is untimely, based on equitable tolling. Doc. 36, pp.

---

[3] The Veterans Employment Opportunity Act of 1998 (VEOA) became effective on October 31, 1998. Ex. 9 (doc. 31-10, p. 1).

[4] Ms. Lapuh re-took the examination in 1998 and was thereafter awarded veterans preference points. 284 F.3d at 1278.

5-6.  Although not cited by Plaintiff, in <u>Kirkendall v. Department of Army</u>, 479 F.3d 830 (Fed. Cir. 2007), the court considered whether equitable tolling is applicable in VEOA cases.  In that case, the plaintiff missed both of the relevant statutory deadlines:  the 60 day time to file a claim with the Department of Labor, and the 15-day time period to file an appeal before the MSPB.  The court concluded that 5 U.S.C. § 3330 was subject to equitable tolling, and that the legislation should be construed in favor of veterans.  479 F.3d at 843.  But while the statutory time for filing a claim under the statute may sometimes be tolled to permit a viable claim to be filed late, the tolling doctrine cannot save a claim that has no statutory foundation.  Equitable tolling does not help Plaintiff.

      **b.**    **Discrimination**

Finally, the complaint fails to state a claim for discrimination.  Plaintiff has provided no basis for determining whether any alleged discrimination was due to race, sex, age, or some other constitutionally protected status.  Doc. 12, p. 3.

Moreover, even if Plaintiff had properly alleged a claim of discrimination, the claim is not properly before this Court.  Plaintiff filed a formal administrative discrimination complaint on August 22, 2002, alleging disability discrimination (post-concussion cephalgia), and on January 28, 2004, the EEOC Administrative Judge entered a decision against Plaintiff, finding no discrimination.  Defendant' ex. 3.  Any claim from this type of discrimination would have had to be filed within 90 days of January 28, 2004.  This case was not filed until 2006.  Defendant is entitled to summary judgment as to Plaintiff's discrimination claims as well.

## V.     Recommendation

In light of the foregoing, it is respectfully **RECOMMENDED** that Defendant's motion for summary judgment, doc. 30, be **GRANTED**, that Plaintiff's motion to seek a trial of this matter, doc. 33, be **DENIED**, and the Clerk of Court be **DIRECTED** to enter judgment in favor of Defendant on all claims.

**IN CHAMBERS** at Tallahassee, Florida, on February 27, 2008.


  s/    William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.
UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 10 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**